**Shu Hong JU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71574.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bander Law Firm, San Gabriel, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Oil, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

### MEMORANDUM **

Shu Hong Ju, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of the application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we grant the petition.

Substantial evidence does not support the IJ's adverse credibility finding. The basis of Ju's claim is that government authorities discovered that she was pregnant during a medical exam and forced her to undergo an abortion to comply with China's one-child policy. The IJ found that Ju was not credible because she failed to include in the asylum application that she received a medical exam days after the abortion. We conclude that, because the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

purpose of this exam was to get approval to leave China, it was a minor omission, and minor omissions from an application do not support an adverse credibility determination. *See Bandari v. INS,* 227 F.3d 1160, 1166–67 (9th Cir.2000).

■ The IJ also found that Ju's application omitted information that five people helped the security officer put her in the car to go to the hospital to get the abortion, and that she was in the hospital for 30 minutes. Ju's testimony and application consistently describe how the authorities approached her, how a security guard put her in a car to go to the hospital, and how she was forced to have the abortion. Ju's omission of the length of time that she was in the hospital, an added fact which does not enhance her claim, and the number of people who helped the security guard, are minor omissions that do not support an adverse credibility finding. *See Bandari,* 227 F.3d at 1166–67; *Aguilera–Cota v. INS,* 914 F.2d 1375, 1382 (9th Cir.1990) (stating that the failure to file an application which is not as complete as might be desired, cannot, without more, support an adverse credibility finding).

■ Finally, the IJ noted that Ju omitted the dates that she received the medical exams in her testimony and application. However, Ju did not omit the dates of the exams in her testimony and testified consistently as to the dates. We conclude that the failure to list the dates in her application is a minor omission that does not go to the heart of the claim. *See Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988) (stating that "[m]inor inconsistencies in the record such as discrepancies in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding").

Accordingly, we conclude that substantial evidence does not support the adverse credibility determination. We remand to the BIA to determine, accepting Ju's testimony as credible, whether Ju is eligible for asylum and withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

